UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

DANTE COAL COMPANY,

*Petitioner,*

v.

STANLEY JONES; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,

*Respondents.*

No. 01-1720

On Petition for Review of an Order
of the Benefits Review Board.
(00-0554-BLA)

Argued: January 23, 2002

Decided: June 11, 2002

Before WILKINSON, Chief Judge, and WILKINS and
GREGORY, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** William Steele Mattingly, JACKSON & KELLY, P.L.L.C., Morgantown, West Virginia, for Petitioner. James Hook, Waynesburg, Pennsylvania, for Respondents.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Dante Coal Company appeals an order of the Benefits Review Board ("the Board") affirming a decision of an administrative law judge ("ALJ") awarding black lung benefits to Stanley Jones. We vacate the order and remand for additional proceedings.

### I.

### A.

Congress created the black lung benefits program in 1969. *See Mullins Coal Co. v. Director, OWCP*, 484 U.S. 135, 138 (1987). Part C of this program governs claims filed on or after July 1, 1973; under this part, claims filed prior to April 1, 1980 are governed by "interim regulations." *Id.* at 139 (internal quotation marks omitted). Under these regulations, claimants with at least ten years of coal mine employment are presumed eligible for benefits if at least one of four elements is shown. *See id.* at 141-42. Once this "interim presumption" is established, the burden shifts to the employer to prove, as is relevant here, that the miner does not have pneumoconiosis, *i.e.*, "any chronic lung disease or impairment and its sequelae arising out of coal mine employment," 20 C.F.R. § 718.201(a)(2) (2001). *See Mullins Coal*, 484 U.S. at 143-44.

### B.

Jones filed this black lung benefits claim in 1979. After a long series of proceedings, the substance of which is not relevant to this appeal, his claim was denied by an ALJ in 1997. In early 1998, Jones filed a petition for modification, *see* 20 C.F.R. § 725.310 (2001), that was denied by the district director and referred to a different ALJ. The ALJ found a change of circumstances and awarded benefits, conclud-

ing that Dante Coal did not rebut the interim presumption. The Board subsequently affirmed.

The record before the ALJ showed that Jones worked as a coal miner from 1948 to 1991 and smoked one pack of cigarettes daily for approximately forty years, until 1978. Three board-certified pulmonary specialists, Drs. Roger Abrahams, James Castle, and Gregory Fino, agreed that Jones did not have medical pneumoconiosis[1] but that he did have a moderate obstructive airway impairment with significant reversibility through bronchodilator treatment.

The doctors' opinions differed on the critical issue of whether Jones had legal pneumoconiosis ("pneumoconiosis"). Drs. Castle and Fino opined that Jones' impairment was caused by cigarette smoking and had an asthmatic component; they rejected the notion that the impairment was caused by coal dust exposure. They contended, *inter alia*, that the fact that Jones' obstruction was greater in his small airways than in his large ones indicated that smoking was the cause of the impairment. Additionally, they specifically ruled out chronic bronchitis caused by coal dust exposure as a cause of Jones' impairment because the impairment caused by such a disease abates within six months to a year after coal dust exposure ceases.

Dr. Abrahams, on the other hand, concluded that Jones' impairment was the result of chronic bronchitis caused by coal dust exposure. He asserted that it is impossible to rule out coal dust exposure as a cause of obstructive airway disease in a patient who has had significant exposure to coal dust and a long history of cigarette smoking. He disagreed with Dr. Castle's and Dr. Fino's assertions that chronic bronchitis caused by coal dust exposure resolves shortly after the exposure ceases. He testified that sometimes industrial bronchitis causes obstructive airway disease that remains permanently, long after a miner retires. He also testified that small airway obstructions can be caused by coal dust exposure and that some coal mining-induced diseases can be reversible.

---

[1]Medical pneumoconiosis is one of the many diseases included within the legal definition of "pneumoconiosis." *See Clinchfield Coal Co. v. Fuller*, 180 F.3d 622, 625 (4th Cir. 1999).

The ALJ credited Dr. Abrahams' opinion that Jones had pneumoconiosis over the other two doctors' contrary opinions. In so doing, the ALJ noted that "the basis of [Dr. Castle and Dr. Fino's finding] that [Jones] does not have . . . a coal dust related pulmonary disease[ ] is their view that industrial bronchitis disappears within one year after coal dust exposure ceases." J.A. 293. The ALJ concluded that this view was at odds with the established principles "that pneumoconioples is a progressive and irreversible disease, and that industrial bronchitis caused by coal dust exposure can progress even in the absence of continuing dust exposure." *Id.* (citation omitted). Accordingly, the ALJ ruled that Dante Coal had failed to rebut the interim presumption that Jones was entitled to benefits.

II.

In reviewing black lung claims, this court stands in the shoes of the Board in determining whether substantial evidence supports the ALJ's decision. *See Dehue Coal Co. v. Ballard*, 65 F.3d 1189, 1193 (4th Cir. 1995). In making this determination, this court must address whether all relevant evidence has been analyzed and whether the ALJ sufficiently explained his reasons for choosing to credit certain evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997). Dante Coal contends that the ALJ erred in relying on the conclusion that pneumoconiosis is a progressive and irreversible disease to credit Dr. Abrahams' opinion that Jones suffered from pneumoconiosis over Dr. Castle's and Dr. Fino's contrary opinions. We agree.[2]

Even if accepted as true, the proposition that all diseases constituting pneumoconiosis are necessarily progressive and irreversible would undercut only one of the arguments offered by Drs. Castle and Fino for their conclusion that Jones' obstructive airway disease is not coal dust related. It would not dispose, for example, of their opinion that Jones' small airway obstructions demonstrate that his condition was not caused by coal dust exposure. Nor would acceptance of the proposition damage Dr. Castle's and Dr. Fino's credibility to any greater extent than it would damage that of Dr. Abrahams, who also

---

[2]Because we vacate the award on this basis, we do not address Dante Coal's remaining arguments.

testified that coal dust-induced lung diseases can be reversible. Accordingly, even assuming that the ALJ correctly concluded that pneumoconiosis is necessarily progressive and irreversible, that conclusion was not a valid basis for crediting Dr. Abrahams' opinion that Jones suffered from pneumoconiosis over Dr. Castle's and Dr. Fino's contrary views.[3] We therefore vacate the Board's order affirming the ALJ's award and remand to the Board for further remand to the ALJ so that he may properly weigh the relevant evidence.

*VACATED AND REMANDED*

---

[3]Moreover, considering that all three doctors noted significant reversibility in Jones' impairment, a conclusion that pneumoconiosis is never reversible would be of little assistance to Jones.